**In the Matter of James M. JONES, Jr., t/a Calvin-McClintock Construction Co., Inc., Debtor.**

**Nell FEDASZ, Plaintiff,**

v.

**James M. JONES, Jr., t/a Calvin-McClintock Construction Co., Inc., Defendant.**

**Bankruptcy No. 82–3860.
Adv. No. 83–774.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Sept. 10, 1984.

Robert G. Xides, Jr., Pittsburgh, Pa., for debtor.

Ray Radakovich, Pittsburgh, Pa., Robert H. Slone, Greensburg, Pa., for plaintiff.

**MEMORANDUM OPINION**

GERALD K. GIBSON, Bankruptcy Judge.

The matter presently before the Court is an Objection to Discharge of Debtor; and Petition to Dismiss Objection to Discharge of Debtor filed by Debtor in response thereto. In its objection, movant alleges that Debtor made false representations and/or committed actual fraud upon mov-

ant for the express purpose of obtaining money in violation of 11 U.S.C. § 523(a)(2). Movant further alleges willful and malicious injury to her property pursuant to 11 U.S.C. § 523(a)(6); as well as Debtor's failure to satisfactorily explain the loss of assets pursuant to 11 U.S.C. § 727(a)(5).

In Debtor's Petition to Dismiss Objection to Discharge of Debtor, it is alleged as follows. On January 28, 1983 an order was entered by this Court setting February 11, 1983 as the date for the first meeting of creditors; and March 11, 1983 as the last day for filing objections to discharge and actions to determine dischargeability of a debt. The first meeting of creditors was held on February 11, 1983 and adjourned to March 25, 1983. Objecting creditor was present at both.

Movant has filed an Answer to the Petition to Dismiss Objection wherein it is alleged as follows. Debtor did not attend the first meeting scheduled for February 11, 1983, whereupon Trustee continued the meeting to March 25, 1983. Trustee advised those in attendance that the time for filing objections would be extended until 30 days after the hearing of March 25, 1983. In response to his inquiry, counsel for movant was orally reassured by Trustee that the time for filing objections was extended until April 25, 1983. Movant filed objections on April 18, 1983.

A hearing was held on this matter, at which time Debtor agreed to submit a brief in support of his position. In his brief, Debtor sets forth the following. The dispute at bar preceded the effective date of the present Bankruptcy Rules and is therefore governed by Rule 404 and 409(a) as made applicable by Interim Rule 4002. Rule 404 provides in pertinent part as follows:

(a) Time for Filing Complaint Objecting to Discharge. The court shall make an order fixing the time for the filing of a complaint objecting to the bankrupt's discharge under § 14c of the Act. The time shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors...

(c) Extension of Time. The court may for cause, on its own initiative or on application of any party in interest, extend the time for filing a complaint objecting to discharge.

Rule 409 similarly provides that with certain exceptions not relevant herein, the court shall fix a time for the filing of a complaint to determine the dischargeability of a debt not less than 30 days nor more than 90 days after the first date set for the meeting of creditors. The Rule further provides that the "court may for cause, on its own initiative or on application of any party in interest, extend the time fixed under this paragraph."

Rules 4004 and 4007 which are currently in effect provide that upon motion of any party in interest the court may for cause extend the time for filing complaints objecting to discharge or dischargeability, however, both rules expressly require the motion for extension of time to be filed prior to the expiration of time.

In contrast thereto, Rules 404 and 409 which govern the dispute at bar contain no such requirement.

While the Trustee in the case at bar may not have had the authority to extend the time for filing objections without further approval of Court, he represented to movant, her counsel and all others in attendance at the first meeting that such an extension would be made. The Court is satisfied that movant and her counsel relied upon such representations, and foreclosure of movant from proceeding with the action at bar because of such reliance would be manifestly unfair. Further, the Court presumes that counsel for the Debtor was present at the first meeting or had knowledge of Trustee's representations, and voiced no objection thereto.

Based upon the foregoing, the Petition to Dismiss Objection to Discharge of Debtor is dismissed; and Adversary No. 83–774 will be scheduled for further hearing.

An appropriate order will be entered.